## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY W. WILLIAMS,                )
                                    )
      Plaintiff,                    )
                                    )   No.: _____
                                    )
                                    )
CENTRAL CONTRACTING & MARINE,  )
INC., and *M/V STACEY DIANNE, in rem*,  )
                                    )
      Defendants.                   )

## VERIFIED COMPLAINT IN ADMIRALTY

      This cause is filed pursuant to Rule 9(h), Fed.R.Civ.P., as an admiralty cause for non-jury disposition.

      NOW COMES plaintiff, Timothy Williams, by his undersigned counsel and complains of defendants, Central Contracting & Marine, Inc., and the *M/V Stacey Dianne* as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

      1.     This cause is brought pursuant to 46 U.S.C. Section 30104, (commonly called the Jones Act) and the general Maritime Law of the United States, (including the doctrines of negligence, unseaworthiness and maintenance and cure) and this Honorable Court therefore has subject matter jurisdiction of this cause pursuant to 46 U.S.C. Section 30104.

      2.     The corporate defendants reside in this district within the meaning of 28 U.S.C. Section 1391(c)(2) in that defendant's vessel operates regularly in two fleets on the Illinois side of the Mississippi River in or near Monroe County, Illinois and the *M/V Stacey Dianne* is in this district or will be in this district while the action is pending. Venue is therefore properly laid in

this district pursuant to 28 U.S.C. Section 1391(b)(1) and Rule C(2)(c), Supplemental Rules for Admiralty Or Maritime Claims.

3.       On October 22, 2014, plaintiff, Timothy Williams, was employed by defendant, Central Contracting & Marine, Inc., as a deckhand and member of the crew of the *M/V Stacey Dianne* which was at all times mentioned in this Complaint a vessel within the meaning of 1 U.S.C. §3, in that it was a watercraft originally constructed and remaining capable of transporting persons or goods across water.  Plaintiff is therefore a seaman within the meaning of the Jones Act, 46 U.S.C. §30104 and brings this suit under that federal statute.

4.       Plaintiff Williams had previous river experience but had not worked in the inland river industry since approximately 1998 and had never received any training concerning how to build barge tows by himself.

5.       The *M/V Stacy Dianne* is an uninspected vessel, approximately 55 feet in length with approximately 1,000 horsepower that is used as a harbor tug to move barges into and out of fleets and to build barge tows for line boats to take up and down the river.

6.       Defendant Central Contracting & Marine Inc., through one of more of its managing agents, officers or employees requested plaintiff to work by himself, with no other deck crew members on the board the vessel, for the day of October 22, 2014 and plaintiff Williams agreed to this request.

7.       Plaintiff Williams worked by himself to build barge tows without incident for several hours on October 22, 2014 until he jerked on a ratchet to tighten a rigging wire.  As he did this, the rigging suddenly became slack and caused plaintiff to fall.

## COUNT I
### (Unseaworthiness - M/V Stacey Dianne)

8.      At said time and place, the *M/V Stacey Dianne* was unseaworthy in that:

   a)      it lacked sufficient crew to perform its assigned tasks safely;

   b)      the rigging wire referred to in paragraph 7, above, was an appurtenance of the *M/V Stacey Dianne*, and was unfit for its purpose in that it twisted off of the deck fitting even though it had been properly laid by the plaintiff.

9.      As a direct and proximate result of one or more of the aforesaid unseaworthy conditions, plaintiff Williams sustained injuries to his lower back, right shoulder, left hand, and hip, including but not limited to:

   a.      pain and suffering in the past and reasonably certain to continue into the future permanently;

   b.      loss of wages, earnings and benefits in the past and loss of earning capacity, all of which are reasonably certain to continue into the future;

   c.      disability in the past and reasonably certain to continue into the future;

   d.      medical, hospital, nursing, therapeutic, diagnostic, and other expenses for reasonably necessary care and treatment of his injuries in the past and reasonably certain to occur in the future.

WHEREFORE, plaintiff Timothy Williams by his undersigned counsel, prays that this Honorable Court enter judgment in his favor and against defendant, *M/V Stacey Dianne,* in an amount which is fair and reasonable and sufficient to compensate him for his injuries, prejudgment interest, costs of suit and for such other and further relief as justice may require.

## COUNT II
(Jones Act Negligence - Central Contracting & Marine, Inc.)

10.     At said time and place, the Jones Act imposed upon defendant, Central

Contracting & Marine, Inc., the legal duties to:

      a.     provide plaintiff with a reasonably safe place to work;

      b.     provide plaintiff with adequate training and assistance to perform his assigned job duties safely;

      c.     timely warn plaintiff of any dangers in the work place that defendant Columbia Marine Service knew of or in the exercise of ordinary care should have known of;

      d.     provide the plaintiff with reasonably safe tools, equipment and methods of work;

      e.     provide plaintiff with sufficient, competent and adequate assistance and supervision so that plaintiff could perform his duties safely.

11.     At said time and place, defendant Central Contracting & Marine, Inc., breached

its aforesaid legal duties and was negligent in one or more of the following respects:

      a.     failed to provide effective and adequate means of communication in order to convey proper warnings to the plaintiff in timely fashion;

      b.     failed to provide plaintiff with a adequate assistance, supervision and safe methods of work;

      c.     failed to provide plaintiff with sufficient training to enable him to perform his job duties safely.

12.     As a cause, in whole or in part, of one or more of defendant Central Contracting

& Marine, Inc.'s aforesaid negligent acts or omissions, plaintiff sustained an injury and trauma to

his lower back, right shoulder, left hand, and hip, resulting in lost earnings, loss of earning

capacity, disability, pain and suffering and medical, hospital, nursing, therapy, and other expenses in the past and reasonably certain to be sustained in the future.

WHEREFORE plaintiff prays for judgment against defendant, Central Contracting & Marine, Inc., in an amount of actual damages which is fair and reasonable plus costs of suit, prejudgment interest and for such other and further relief as justice may require.

## COUNT III
(Unseaworthiness)

13.     At said time and place, the General Maritime Law of the United States held defendant Central Contracting & Marine, Inc., as the owner or owner *pro hac vice* of the *M/V Stacey Dianne* to warrant the seaworthiness of the *M/V Stacey Dianne*, its crew, equipment and appurtenances.

14.     At said time and place, the defendant Central Contracting & Marine, Inc., breached its warranty of seaworthiness in that the *M/V Stacey Dianne* had an inadequate and improperly trained crew and inadequate and insufficient means of communication.

15.     As a direct and proximate result of one or more of the aforesaid unseaworthy conditions, plaintiff sustained an injury and trauma to his lower back, right shoulder, left hand, and hip, resulting in lost earnings, loss of earning capacity, disability, pain and suffering and medical, hospital, nursing, therapy, and other expenses in the past and reasonably certain to be sustained in the future.

WHEREFORE plaintiff prays for judgment against defendant, Central Contracting & Marine, Inc., in an amount of actual damages which is fair and reasonable plus costs of suit, prejudgment interest and for such other and further relief as justice may require.

## COUNT IV
(Maintenance and Cure)

16.     The injuries described in paragraph 6 were sustained while plaintiff was subject in the service of the *M/V Stacey Dianne*.

17.     The plaintiff has incurred extensive medical expense for treatment and other services.

18.     Plaintiff has not yet reached a point of maximum cure and further medical and prosthetic expenses will be incurred in the future.

19.     The defendant has failed to meet its duty under General Maritime Law to provide its employee, the plaintiff, with full and adequate maintenance and cure for said injuries.

20.     Defendant's failure is in contravention of plaintiff's established maritime rights.

WHEREFORE, plaintiff, Timothy Williams, by his undersigned attorneys, respectfully prays that this Honorable Court enter judgment in his favor and against defendant, Central Contracting & Marine, Inc., in an amount of not less than $45.00 per day as and for reasonable maintenance, and to pay the reasonable cost of medical expenses incurred to date and reasonably certain to be incurred for the diagnosis and treatment of his injuries, together with legal interest thereon, and for all costs of these proceedings, attorney fees and all general and equitable relief as the court deems just and proper.

Respectfully submitted,

ARMBRUSTER, DRIPPS,
WINTERSCHEIDT & BLOTEVOGEL, LLC


By:  /s/ Roy C. Dripps
          Roy C. Dripps #6182013
          Michael T. Blotevogel #6282543
          219 Piasa Street
          Alton, Illinois  62002
          618/208-0320
          F:  800/927-1529
          royd@adwblaw.com
          mikeb@adwblaw.com

          and

          LIESER LAW FIRM, LLC
          Shaun M. Lieser, #6295198
          1610 Des Peres Road, Suite 360
          St. Louis, Missouri 63131
          Ph: 314-878-3200
          Fx: 314-732-1402
          shaun@lieserlawfirm.com

          ***ATTORNEYS FOR PLAINTIFF***