IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-867-SMY-RJD |
| | ) |
| CENTRAL CONTRACTING & MARINE INC., and M/V STACEY DIANNE, in rem, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Seal Document (Doc. 44). For the following reasons, the motion is **DENIED**.

Plaintiff brought suit against Defendant alleging Jones Act Negligence. Defendant filed a counterclaim to recover Maintenance and Cure that had been paid to Plaintiff. Plaintiff has filed a Motion for Summary Judgment as to Defendant's counterclaim (Doc. 43) and Defendant seeks to file certain exhibits in support of its response under seal in an effort to protect Plaintiff's privacy. These exhibits discuss and relate to Plaintiff's medical records and health issues – some unrelated to the specific injury in question.

Federal Rule of Civil Procedure 26 allows filing under seal for "good cause." "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id*. Hence, the judge is "duty-bound" to "review any request to seal the record." *Id*.

When information is filed with a court, it may "influence or underpin the judicial

decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

Defendant's motion does not comply with these requirements. Defendant's response to Plaintiff's Motion for Summary Judgment will obviously include a discussion of Plaintiff's medical and health conditions. Therefore, the information will influence the Court's decision on the Motion for Summary Judgment such that the *relevant* medical records are presumptively open to public inspection. *Baxter*, 297 F.3d at 545. Any *irrelevant* medical records or information can be and should be redacted prior to filing. Accordingly, Defendant's Motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  November 2, 2016**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**