### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIMOTHY W. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CV-867-SMY-RJD** |
| | ) | |
| **CENTRAL CONTRACTING & MARINE** | ) | |
| **INC., and M/V STACEY DIANNE, in rem,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Timothy Williams' Motion to Dismiss Defendant Central Contracting & Marine Inc.'s ("CCM") counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 33). CCM filed a response (Doc. 41). For the following reasons, Williams' motion to dismiss is **GRANTED**.

This case arises out of Williams' employment with CCM on October 22, 2014 as a deckhand aboard the vessel, M/V Stacy Dianne. The Complaint alleges that Williams was working aboard the vessel by himself without incident for several hours until he "jerked on a ratchet to tighten a rigging wire[,]" at which time "the rigging suddenly became slack and caused [P]laintiff to fall." (Doc. 1, p. 2). Williams brought claims for Jones Act Negligence, Unseaworthiness of the M/V Stacy Dianne and Maintenance and Cure under General Maritime Law.

CCM filed a Counterclaim (Doc. 29) alleging that Williams has a history of relevant injuries that he should have disclosed to the company. The Counterclaim further alleges that CCM did not require Williams to undergo a pre-employment physical, but had he disclosed his previous injuries, he would not have been hired. CCM is seeking reimbursement for the

maintenance and cure it has already paid to Williams.

## Discussion

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint, or in this case, a counterclaim, must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed2d 868 (2009) (quoting *Twonbly*, 550 U.S. at 570).

"In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). If a party alleges facts that show they have no legal claim, they have pleaded themselves out of court. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012).

CCM's theory of recovery is based on the *McCorpen* defense:

> Where the ship owner does not require a pre-employment medical examination or interview, the rule is that a seaman must disclose a past illness or injury only when in his own opinion the ship owner would consider it a matter of importance. If the ship owner is unable to persuade the court or jury that the seaman could reasonably be expected to have considered his medical history a matter of importance, he will be liable for maintenance. He will be liable if it is found that there existed reasonable grounds for the seaman's good-faith belief that he was fit for duty.

*McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547, 548-49 (5th Cir. 1968).

This principle is typically regarded as a *defense* used to justify the denial of maintenance and cure payments before they have been paid. *Id.* CCM, however, asserts that it should be able

to recover the maintenance and cure payments it has already paid to Williams because the *McCorpen* defense may have prevented Williams from receiving maintenance and cure in the first place. Although the Seventh Circuit Court of Appeals has not addressed whether an independent cause of action can be brought based on the *McCorpen* defense, the Fifth Circuit has.

In *Boudreaux v. Transocean Deepwater, Inc.*, the Fifth Circuit held that once a ship owner pays maintenance and cure to an injured seaman who has concealed a preexisting disability, the payments can be recovered only by an offset against the seamen's damages award, not by an independent suit seeking affirmative recovery. 721 F.3d 723 (5th Cir. 2013). The Fifth Circuit reasoned that the employer has the right to investigate an injured seaman's claim before tendering any payments of maintenance and cure. If the employer finds any causal link between the present injury and the concealed preexisting disability, it can bring suit to terminate its obligation to pay. *Id.* at 728.

CCM contends that this issue has been previously addressed in *Phillips v. Hunter Marine Transport, Inc.*, "where a marine employer obtained a judgment . . . on a counterclaim to recover maintenance and cure benefits the plaintiff seaman was not entitled to receive." (Doc. 41 p. 1-2). *Phillips,* however, is "inapposite as the employer invoked diversity jurisdiction, rather than admiralty jurisdiction, and asserted a claim for fraud and material misrepresentation." *Am. River Transp. Co. v. Benson*, No. 12 C 6222, 2012 WL 5936535, at 5 (N.D. Ill. Nov. 27, 2012). Simply put, *Phillips* concerned a wholly different cause of action and was not decided based on maritime law. Further, in *Vitcovich v. Ocean Rover O.N.*, also relied upon by CCM, the Ninth Circuit upheld summary judgment for a ship owner on its counterclaim for reimbursement of maintenance and cure, but "the court did not directly address the validity of a cause of action for

3

recovery." *Id*. Neither of these cases decided the specific issue currently before the Court and the Court is not persuaded by CCM's urging that it carve out a new cause of action in maritime law.

Employers have the opportunity and right to investigate maintenance and cure claims such as this before payments are tendered and they can do so without subjecting themselves to liability for compensatory or punitive damages. 721 F.3d at 728. Moreover, the inability for the employer to seek reimbursement after the fact under these circumstances does not result in a windfall for injured seamen who may have concealed their previous injuries. Even absent fraud, an employer is entitled to an offset for any Jones Act damages recovered by the seaman to the extent they duplicate maintenance and cure previously paid. *See Am. River Transportation Co. v. Phelps*, 189 F. Supp.2d 835, 853-54 (S.D. Ill. 2001).

For the foregoing reasons, CCM's counterclaim fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's motion to dismiss is **GRANTED** and CCM's Counterclaim is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:  January 9, 2017**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

4