IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY W. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-867-SMY-RJD |
| | ) | |
| CENTRAL CONTRACTING & MARINE, | ) | |
| INC. and M/V STACEY DIANNE, in rem, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Timothy Williams' Motion to Deem Complaint Amended to Conform to the Evidence at Trial (Doc. 70). Plaintiff asks the Court to consider a claim for punitive damages tried by consent during the bench trial of this matter, despite its absence from the Complaint (Doc. 1) or any prior pleading. Defendant Central Contracting & Marine, Inc. ("CCM") filed a response opposing the motion (Doc. 72). For the following reasons, Plaintiff's motion is **DENIED**.

Williams has asserted claims for Jones Act Negligence, Unseaworthiness of the *M/V Stacy Dianne*, and Maintenance and Cure under general maritime law. The Complaint does not include a specific prayer for punitive damages; the closest is a request is in Count IV for "attorney fees and all general and equitable relief as the court deems just and proper." (Doc. 1 at 6).

Prior to the bench trial, the parties submitted a proposed Final Pretrial Order. (Doc. 72-1). In the proposed Order, the parties stated that Plaintiff was seeking four categories of damages: economic losses, non-economic losses, unpaid maintenance and cure, and attorneys' fees for unpaid maintenance and cure. (*Id.* at 4). The Court subsequently conducted a three-day

bench trial. (Docs. 67-69).

During his opening statement, Plaintiff's counsel informed the Court that he would be seeking "such punitive damages for the failure to provide cure, as the Court deems appropriate under the circumstances." (Trial Transcript Volume I, Doc. 67 at 24:18-20). He then clarified that the punitive damages were for "failure to pay cure and for attorney fees to make the plaintiff whole." (*Id.* at 24:24-25:4). At the conclusion of trial, the Court asked both parties to address the issue of punitive damages for failure to pay medical bills in their post-trial filings. (Tr. Vol. III, Doc. 69 at 412:2-11).

Federal Rule of Civil Procedure 15(b)(2) provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." A party may file a motion to amend the pleadings to conform to the evidence and to raise an unpleaded issue at any time, including after judgment. *Id.* The test for express or implied consent is "whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." *Matter of Prescott*, 805 F.2d 719, 725 (7th Cir. 1986).

Signs that an opposing party implicitly consents include when the issue outside the pleadings is presented and argued without proper objection by opposing counsel, and when the opposing party itself presents evidence on the matter. *Id.* However, a court "will not imply a party's consent to try an unpleaded claim 'merely because evidence relevant to a properly pleaded issue incidentally tends to establish an unpleaded claim.'" *Reynolds v. Tangherlini*, 737 F.3d 1093, 1106 (7th Cir. 2013) (quoting *Ippolito v. WNS, Inc.*, 864 F.2d 440, 456 (7th Cir. 1988)). Plaintiff contends that Defendant implicitly consented to try the issue of punitive damages on the failure to pay maintenance and cure by failing to object to Plaintiff's opening statement, failing to object to evidence bearing on punitive damages, payment of maintenance

and cure, and introducing its own evidence on the issue of punitive damages.

CCM's failure to object to certain exhibits does not demonstrate implicit consent to try the issue of punitive damages for failure to pay maintenance and cure. The exhibits cited by Plaintiff are medical bills (Plaintiff's Exhibits 99, 100, 111) and letters from Plaintiff's attorneys regarding payment (P. Ex. 115-117). But those documents were relevant to other issues properly pled in the case, such as Jones Act damages and attorneys' fees on the maintenance and cure claim. Moreover, Defendant did not implicitly consent to try the issue of punitive damages by introducing its own evidence on the issue. Plaintiff points to a collection of text messages (Defendant's Exhibit 5) and letters from Defendant's attorney to Plaintiff's attorney (D. Ex. 48-62). Again, these documents were directly relevant to properly pled existing claims in the case; notably the issue of attorney's fees for delay in paying maintenance and cure.

Finally, Defendant's failure to object to the mention of punitive damages in Plaintiff's opening statement is not sufficient evidence of consent. As jurors are routinely reminded by this Court, opening statements by attorneys are not evidence. Further, a brief mention of punitive damages during opening statements of a trial of significant complexity was not sufficient to give CCM a fair opportunity to defend and present additional evidence had it known sooner the substance of the amendment.

The parties represented to each other and to the Court that there would be the four categories of damages at issue in the trial. The parties no doubt relied upon that representation in formulating their trial strategies, including what witnesses they would need to call live versus present via designated deposition testimony. The issue on which Plaintiff seeks to assert punitive damages— delay in paying maintenance and cure—is somewhat related to the availability of attorneys' fees for such delays.

Based on the proposed Final Pretrial Order, the attorneys' fees at issue were $85,000 out

of a total amount sought of $3.5 million, making it a relatively small portion of the case. With the addition of punitive damage claims of $2,937.389.38 (the amount sought in Plaintiff's proposed Findings of Fact and Conclusions of Law), that portion of the case becomes approximately half the overall value. Under such circumstances, CCM might reasonably have decided it needed live testimony from a corporate designee on the issue rather than resting on the prior deposition testimony of its corporate president or changed its presentation of other evidence.

Finally, Plaintiff asserts that it is entitled to amend under *F.R.C.P.* 54(c), which provides that "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." However, the Seventh Circuit held that Rule 54(c) "does not allow the district court to award relief based on a theory that was not properly raised at trial." *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998) (citation omitted).

The prejudice to Defendant of allowing this sizeable additional claim for exemplary damages to be added for the first time in opening statements outweighs the relatively liberal amendment policy of Rule 15(b)(2). Therefore, the Court will exercise its discretion and **DENY** the Motion to Deem the Complaint Amended (Doc 70).

**IT IS SO ORDERED.**

**DATED: March 30, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**