# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY WADE WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-CV-867-SMY |
| CENTRAL CONTRACTING & MARINE, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER TO SHOW CAUSE

**YANDLE, District Judge:**

Plaintiff Timothy Wade Williams filed the instant action pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law, alleging he was injured while working on a vessel owned by Defendant Central Contracting & Marine ("CCM") and seeking damages (Doc. 1). A 3-day bench trial was held February 13-15, 2017 in which Plaintiff and Dr. Sunil Chand, a treating physician, testified in support of his claims and damages. Of significance is Plaintiff's testimony that, as a result of his injuries, he could only do light work within the confines of medical restrictions that include no lifting of more than 25 pounds, no repetitive bending or lifting, and alternating between sitting and standing as needed (Doc. 74, p. 13). Plaintiff also testified that he could no longer mow lawns, hang drywall, or carry boxes (Doc. 68, p. 94-95). Dr. Chand testified that Plaintiff's back pain (experienced after the accident) would require lifelong use of Suboxone, a drug used to aid Plaintiff in his long-term opioid addiction (*Id*. p. 14).

After crediting Plaintiff's and Dr. Chand's testimony, this Court awarded Plaintiff $1,282,270.37 in damages, including lost and future wages and fringe benefits, past and future pain and suffering, unpaid cure (medical bills), and prejudgment interest (*Id*. pp. 25-26). Judgment

was entered on April 3, 2018 (Doc. 75) after which the parties settled. A Satisfaction of Judgment was entered on May 7, 2018 (Doc. 78).

In May 16, 2016, prior to trial in this case, Plaintiff entered into a lease agreement with Dr. Chand and his wife, Dr. Nilima Chand (who also treated Plaintiff for back pain in 2014). The agreement and relationship between the Chands and Plaintiff soured, and the Chands sued Plaintiff in the Circuit Court of St. Francois County, Missouri. *Sunil Chand and Nilima Chand v. Timothy Williams*, 18 SF-AC01667. In that case, the Chands alleged that Plaintiff owed them rent, but Plaintiff claimed that he agreed to perform property maintenance work in lieu of rent. On June 12, 2020, the Honorable Judge Joseph L. Goff, Jr. entered an order disposing of the case and made various findings that are significant to this federal lawsuit and concerning to the Court.[1]

Plaintiff's testimony in the Missouri case directly and materially contradicts his testimony before the undersigned. In particular, he testified that in 2016, he engaged in various physical activities – hanging drywall, mowing lawns, and other construction/maintenance work. Additionally, Dr. Sunil Chand testified in the Missouri case that he had a pecuniary interest in the outcome of Plaintiff's lawsuit in this Court because based on their agreement, he anticipated that Plaintiff would purchase property with the proceeds from this case. Dr. Chand's interest in Plaintiff's potential recovery was not disclosed to this Court.

Federal Rule of Civil Procedure 60(d)(3) reserves to the undersigned the inherent power to set aside a judgment for fraud upon the Court. Plaintiff's contradictory sworn statements and a witnesses' hidden personal interest in the outcome of this litigation may constitute "circumstances where the impartial functions of the court have been directly corrupted." *In re Whitney-Forbes,*

---

[1] Attached to this Order is Judge Goff's Order and Judgment dated June 12, 2020 and relevant excerpts of Plaintiff's and Dr. Chand's testimony, of which this Court takes Judicial Notice.

*Inc.*, 770 F.2d 692, 698 (7th Cir. 1985) (citations omitted). Accordingly, the parties are **ORDERED TO SHOW CAUSE**, in writing and within 30 days of the date of this Order, why the Judgment in this case should not be vacated for fraud upon the Court.

**IT IS SO ORDERED.**

**DATED: June 18, 2020**

**STACI M. YANDLE**
**United States District Judge**