IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY WADE WILLIAMS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 15-cv-867-SMY |
| **CENTRAL CONTRACTING & MARINE,** | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy Wade Williams filed the instant action pursuant to the Jones Act, 46 U.S.C. §30104, and general maritime law, alleging he was injured while working on a vessel owned by Defendant Central Contracting & Marine ("CCM") and seeking damages (Doc. 1). A 3-day bench trial was held in February 2017.

During the trial, Plaintiff and Dr. Sunil Chand, a treating physician, testified in support of Plaintiff's claims and damages. Of significance, Plaintiff testified that as a result of his injuries, he could only do light work within the confines of medical restrictions that included no lifting of more than 25 pounds, no repetitive bending or lifting, and alternating between sitting and standing as needed (Doc. 74, p. 13). Plaintiff also testified that he could no longer mow lawns, hang drywall, or carry boxes (Doc. 68, p. 94-95). Dr. Chand testified that Plaintiff's back pain would require lifelong use of Suboxone, a drug used to aid Plaintiff in his long-term opioid addiction. *Id.* at p. 14.

This Court credited the testimony of Plaintiff and Dr. Chand and awarded Plaintiff $1,282,270.37 in damages, including past and future lost wages and fringe benefits, past and future pain and suffering, unpaid cure (medical bills), and prejudgment interest. *Id.* at pp. 25-26.

1

Judgment was entered on April 3, 2018 (Doc. 75). The parties thereafter settled, and a Satisfaction of Judgment was entered on May 7, 2018 (Doc. 78).

After the Satisfaction of Judgment was entered, this Court was made aware of testimony given by Plaintiff and Dr. Chand in a Missouri state case, *Sunil Chand and Nilima Chand v. Timothy Williams, 18 SF-AC01667, St. Francois County, Missouri*. In that case, the Chands alleged that Plaintiff owed them rent, but Plaintiff claimed that he agreed to perform property maintenance work in lieu of rent.

Plaintiff's testimony in the Missouri case caused concern to this Court in that he apparently contradicted his testimony given in the instant case. Specifically, Plaintiff testified that in 2016 he engaged in various physical activities like hanging drywall, mowing lawns, and other construction/maintenance work. Further, Dr. Chand testified in the Missouri case that he had an interest in the outcome of Plaintiff's federal lawsuit because he anticipated that Plaintiff would purchase property with the proceeds from the case, which had not been disclosed to this Court. As a result, this Court issued an Order to Show Cause requiring the parties to respond in writing as to why the Judgment should not be vacated for fraud upon the Court (Doc. 79). Plaintiff filed a response (and supplement) (Docs. 80, 81) and Defendant filed a response (Doc. 82).

## **DISCUSSION**

"On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A motion to vacate a final judgment must be made by the opposing party within 1-year of the final judgment. Fed. R. Civ. P. 60(c)(1). The Court, however, is not limited by this Rule from setting aside a judgment if it is based on fraud on the Court. Fed. R. Civ. P. 60(d)(3).

Here, because the Court raised the issue of fraud on the Court, the 1-year limitations period does not apply.

There is no dispute that the testimony of Plaintiff and Dr. Chand in the Missouri state case contradicts the testimony that was given before this Court. However, and for reasons that follow, the Court does not find "fraud on the court" warranting that the judgment being vacated.

A party complaining of fraud must establish the fraud by clear and convincing evidence and must demonstrate that the fraud prevented it from fully and fairly presenting a meritorious claim. *Philos Technologies, Inc. v. Philos & D, Inc.,* 802 F.3d 905, 917 (7th Cir. 2015) *citing Wickens v. Shell Oil Co.,* 620 F.3d 747, 758 (7th Cir. 2010). Here, while testimony in the Missouri case contradicts the testimony given in this case, the Missouri state court specifically found Plaintiff's testimony in that case not credible (Doc. 79-1 at p. 8). Thus, a question remains as to whether in fact the testimony given in this case was true perjury by the witnesses.

The Court also considers what constitutes fraud sufficient to set aside a judgment. It must be the kind of fraud that couldn't ordinarily be discovered, despite diligent inquiry, within a year – or cases in which there are no grounds for suspicion. *In re Golf*, 255, Inc., 652 F.3d 806, 809 (7th Cir. 2011). Typically, fraud on the court involves bribery of a judge, other undue influence on a judge, tampering with a jury, or the fraudulent submission by a lawyer for one of the parties in the proceeding of documents known to be forged or testimony known to be perjured. *Id. citing In re Whitney-Forbes, Inc.*, 770 F.2d 692, 698 (7th Cir. 1985). While a lawyer's perjury is deemed fraud on the court, perjury by a witness that is not suborned by a lawyer in the case is not. *Id. citing Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944). In the instant matter, there is no evidence that Plaintiff's lawyers suborned, or even had knowledge of, potential perjury committed by the witnesses. Absent complicity by Plaintiff's lawyers, the testimony in

question does not amount to a fraud on the court or justify setting aside the judgment.

Finally, *FRCP* 60 allows a party to be relieved from a judgment after a satisfaction of judgment has been tendered only if the underlying judgment stands to be vacated. Fed. R. Civ. P. 60(b)(5) & (d). Here, the parties settled the matter after the judgment was entered and filed a Satisfaction of Judgment (Doc. 78). The Satisfaction of Judgment indicates that the debt was canceled, and the judgment discharged. *Id.* No further action was taken by the Court or the parties after the filing of the Satisfaction of Judgment.

## CONCLUSION

For the foregoing reasons, the Order to Show Cause (Doc. 79) is **DISCHARGED**. The Defendant's Motions for Status (Docs. 83, 84) are **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: March 28, 2025**

**STACI M. YANDLE**
**United States District Judge**